# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| S.R.P. DEVELOPMENT LOUISIANA, LLC | CIVIL ACTION |
| VERSUS | NO. 13-5180 |
| PONTCHARTRAIN PARK COMMUNITY DEVELOPMENT CORPORATION | SECTION: "G"(4) |

## ORDER

This litigation involves a contract dispute between Plaintiff S.R.P. Development Louisiana, LLC ("Plaintiff") and Pontchartrain Park Community Development Corp. ("Defendant"). Before the Court is Defendant's "Rule 12(b)(3) Motion to Dismiss or Alternatively Motion to Compel Arbitration and Stay Proceedings."[1] The Court has considered the motion, the memorandum in support, the memorandum in opposition, the reply, the parties' representations at oral argument, and the applicable law, and for the reasons that follow, the Court will grant the motion.

Defendant asserts that dismissal is proper because the contract between the parties contains an enforceable arbitration clause.[2] In opposition, Plaintiff acknowledges that the contract contains an enforceable arbitration clause and that the claims at issue in this litigation are subject to arbitration.[3] However, Plaintiff argues that instead of dismissing the case, the Court should stay the proceedings pending resolution via arbitration.[4]

The Federal Arbitration Act ("FAA"), as codified at 9 U.S.C. § 3, provides that:

---

[1] Rec. Doc. 9.

[2] *Id.* at p. 1.

[3] Rec. Doc. 10 at p. 1. At oral argument, Plaintiff confirmed that all claims in this litigation are subject to arbitration.

[4] *Id.*

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.[5]

In *Alford v. Dean Witter Reynolds, Inc.*,[6] the Fifth Circuit acknowledged that this section directs the Court to stay proceedings when certain issues are arbitrable.[7] However, it further noted that this provision "was not intended to limit dismissal of a case in the proper circumstances."[8] The Fifth Circuit explained that "[t]he weight of authority clearly supports the dismissal of the case when all of the issues raised in the district court must be submitted to arbitration."[9] It reasoned that where all issues in the case must be submitted to arbitration, "retaining jurisdiction and staying the action will serve no purpose."[10]

In this matter, both parties admit that all issues must be submitted to arbitration. Therefore, the Court finds, pursuant to its discretion under 9 U.S.C. § 3, that the case should be dismissed. Accordingly,

---

[5] 9 U.S.C. § 3.

[6] 975 F.2d 1161 (5th Cir. 1992).

[7] *See id.* at 1164.

[8] *Id.*

[9] *Id.*

[10] *Id.*; *see also Electrostim Medical Service, Inc. v. Blue Cross Blue Shield of La.*, No. 13-5071, 2013 WL 5819704, at *11 (E.D. La. Oct. 28, 2013) (Africk, J.) ("Because all of Plaintiff's claims are referable to arbitration, the Court finds that dismissal of the instant suit is appropriate."); *Anderson v. Waffle House, Inc. et al.*, 920 F. Supp. 2d 685, 695 (E.D. La. 2013) (Barbier, J.) ("When all of the issues raised in the district court are referable to arbitration, district courts have the discretion to dismiss cases in favor of arbitration under 9 U.S.C. § 3.").

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned action is **DISMISSED WITHOUT PREJUDICE.**

**NEW ORLEANS, LOUISIANA**, this 21st day of November, 2013.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**